UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE MACERICH PARTNERSHIP, LP, et al.,<br><br>Plaintiff(s),<br><br>v.<br><br>McCARTHY BUILDING COMPANIES, et al.,<br><br>Defendant(s)/Third-Party Plaintiffs,<br><br>v.<br><br>CADMAN, INC., et al.,<br><br>Third-Party Defendant(s). | NO. C03-2656P<br><br>ORDER ON THIRD-PARTY DEFENDANT CADMAN, INC.'S MOTION TO STRIKE PLAINTIFFS' AND DEFENDANT/THIRD-PARTY PLAINTIFFS' DISCLOSURE OF EXPERT WITNESSES |

The above-entitled Court, having received and reviewed:

1.  Third-Party Defendant Cadman Inc.'s Motion to Strike Plaintiffs' and Defendants/Third-Party Plaintiffs' Disclosure of Expert Witnesses

2.  McCarthy Building Companies, Inc.'s and SDL Corporation's Response in Opposition to Third-Party Defendant Cadman Inc.'s Motion to Strike Plaintiffs' and Defendants/Third-Party Plaintiffs' Disclosure of Expert Witnesses

3.  Plaintiff's Opposition to Cadman's Motion to Strike Plaintiff's and Defendant's/Third-Party Plaintiff's Disclosure of Expert Witnesses

4.  Third-Party Defendant Cadman Inc.'s Reply in Support of Motion to Strike Plaintiffs' and Defendants/Third-Party Plaintiffs' Disclosure of Expert Witnesses

and all exhibits and declarations attached thereto, makes the following ruling:

**ORD ON MTN TO STRIKE
EXPERT WITNESSES - 1**

1   IT IS HEREBY ORDERED that the motion is PARTIALLY GRANTED and PARTIALLY
2   DENIED.  The following experts will be permitted to testify: Bob Englekirk for Plaintiff Macerich
3   Partnership and Dick Glasheen and Marshall Pihl for Defendant/Third-Party Plaintiff McCarthy
4   Building Companies, Inc.  All remaining designated experts for the two parties will not be permitted to
5   offer expert testimony in the above-entitled matter.

**Background**

The case schedule in this matter set a deadline of April 20, 2005 for the disclosure of expert witnesses.  On April 28, 2005, Plaintiff Macerich Partnership ("Macerich") served Third-Party Defendant Cadman, Inc. ("Cadman") with its disclosure of purported experts.  On May 3, 2005, Defendant/Third-Party Plaintiff McCarthy Building Companies, Inc. ("McCarthy") filed its expert disclosure.

The Court has reviewed the documents submitted by Macerich and McCarthy in conjunction with their expert witness disclosures and includes herein a summary of those materials, broken down by witness:

1. <u>Dick Glasheen</u> (McCarthy): a *curriculum vitae* ("CV") and a report dated February 18, 2005 which details his investigation and conclusions.  Decl. of Umberger, Exh's 1 and 6..

2. <u>Marshall Pihl</u> (McCarthy): a CV and a February 24, 2005 report which indicates his opinions and the data upon which those opinions are based.[1]  Id.

3. <u>Mark Lawless</u> (McCarthy): a CV and an indication of what he "may" testify to.  Id.

4. <u>Saad Moustafa</u> (Macerich): a CV and an indication of what his compensation is.  Dec. of Umberger, Exh's 2 and 3.

---

[1] McCarthy filed a "supplemental disclosure" of experts on May 27, 2005 which references the Glahseen and Pihl reports, but still discloses nothing more than what its experts "may" testify to.

**ORD ON MTN TO STRIKE**
**EXPERT WITNESSES - 2**

1      5.    <u>Bob Engelkirk</u> (Macerich): a CV, an indication of what his compensation is and a February 15, 1999 report which contains his analysis and recommendations for solutions. <u>Id.</u>

6.    <u>Nick Fett</u> (Macerich): Plaintiff has included neither a CV, nor an indication of what this expert's opinions are or the data upon which they are based. Decl. of Umberger, Exh. 2.

7.    <u>David Eisenham</u> (Macerich): a December 3, 1997 report which includes his opinions and recommendations; there is no CV indicating his background or qualifications. <u>Id.</u>

8.    <u>William Cichanski</u> (Macerich): a June 8, 1998 report which indicates his analysis and findings; there is no CV indicating his background or qualifications. <u>Id.</u>

9.    <u>Arturo Nisperos</u> (Macerich): a June 8, 1998 report (the same as Mr. Cichanski's) which indicates his analysis and findings; there is no CV indicating his background or qualifications. <u>Id.</u>

10.    <u>Joseph DuPont</u> (Macerich): a CV and a report which appears to be a bid for the waterproofing remediation project necessitated by the damage which is at issue in this lawsuit; the report contains neither his opinions nor the data upon which any opinions might be based. Decl. of Umberger, Exh's 2 and 3.

**Discussion**

The disclosure of expert witnesses "shall be made at the times and in the sequence directed by the court." FRCP 26(a)(2)(C). "[A] party shall disclose to other parties" the required information relating to their expert witnesses. FRCP 26(a)(2)(A). The sanction for failure to disclose is spelled out in FRCP 37(c)(1):

> A party that without substantial justification fails to disclose information required by Rule 26 (a) or 26 (e)(1)... is not, unless such failure is harmless, permitted to use at trial, at a hearing, or on a motion any witness or information not so disclosed.

**ORD ON MTN TO STRIKE EXPERT WITNESSES - 3**

1	The issue of the untimely disclosure of experts by Macerich and McCarthy is two-fold: (1) was the delay harmless and/or justified and (2) do the disclosures which were ultimately made satisfy the requirements of the federal rules?

Answering the first question, the Court finds that, while neither party offered an explanation to justify the delay in filing their disclosures, the delays were not of such length as to work a substantial hardship or prejudice on Cadman. Although the Court has no wish to encourage a flaunting of the case schedule, delays of one and two weeks are not of sufficient duration to warrant the imposition of sanctions.

Macerich and McCarthy do not fare as well on the issue of whether their submissions met the criterion of the applicable procedural guidelines for pretrial discovery. FRCP 26(a)(2)(B) sets forth the requirements for an expert's report:

> . . . The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore, the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

The responding parties make much of the fact that the Western District of Washington has "opted out" of the requirement for furnishing written reports. Macerich Response, p. 3; McCarthy Response, p. 3. But this avails the parties little; litigants in this district are still "required to furnish other parties a statement which contains essentially the same information as would have been contained in the expert's report." The only specific information which is not mandatory by our local rules is a listing of the cases in which the expert has testified over the last four years. Comment, W.D. WA Local Rule 26(a), at 406-07.

It is the finding of this Court that the material furnished by Macerich and McCarthy in conjunction with the experts who are being stricken by this order does not contain "essentially the

**ORD ON MTN TO STRIKE**
**EXPERT WITNESSES - 4**

same information as would have been contained in the expert's report" contemplated by FRCP 26(a)(2)(B). The rule is not satisfied by a declaration of a general area or areas that an expert "may" testify to – the requirement that the proponent of the expert testimony provide "the basis and reasons therefore [and] the data or other information considered by the witness in forming the opinions" demands that those opinions be specifically described. Similarly, the failure to provide a CV or any other statement describing the qualifications of the expert to testify in his or her area of purported expertise is violative of the rule and unacceptable. The supporting material for the experts stricken by this order is deficient in one or more of these areas.

**Conclusion**

The Macerich and McCarthy parties have submitted disclosures of expert witnesses which fail to identify with sufficient specificity the opinions those experts will express, the reasons or basis for those opinions and the qualifications of the proposed experts. The Court finds these disclosures violate both FRCP 26 and Local Rule 26 and will accordingly not permit the evidence offered by any of the responding parties' experts except Glasheen, Pihl and Engelkirk to be introduced.

The clerk is ordered to provide copies of this order to all counsel.

Filed this __2nd day of August, 2005.

_Marsha J. Pechman_
Marsha J. Pechman
U.S. District Judge

ORD ON MTN TO STRIKE
EXPERT WITNESSES - 5