UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THE MACERICH PARTNERSHIP, LP, et al.,

Plaintiff(s),

v.

McCARTHY BUILDING COMPANIES, et al.,

Defendant(s)/Third-Party
Plaintiffs,

v.

PACIFIC ERECTORS, INC., et al.,

Third-Party Defendant(s).

NO. C03-2656P

ORDER ON DEFENDANTS'
MOTION FOR PARTIAL SUMMARY
JUDGMENT

The above-entitled Court, having received and reviewed:

1.   McCarthy Building Companies, Inc.'s and SDL Corporation's Motion for Partial Summary

Judgment

2.   Third-Party Cadman, Inc.'s Response and Joinder to McCarthy Building Companies, Inc.'s

and SDL Corporation's Motion for Partial Summary Judgment

3.   Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion for

Partial Summary Judgment

4.   McCarthy Building Companies, Inc.'s and SDL Corporation's Reply in Support of Motion for

Partial Summary Judgment

and all exhibits and declarations attached thereto, makes the following ruling:

IT IS HEREBY ORDERED that the motion is DENIED.

**ORD ON MTN FOR
PARTIAL SUMM JMT - 1**

1 **Discussion**

2    Defendants/Third-Party Plaintiffs McCarthy Building Companies, Inc. and SDL Corporation

3 (hereinafter "McCarthy") have moved for partial summary judgment on the issue of whether Plaintiffs

4 The Macerich Partnership, Inc. and PPR Redmond Retail, LLC (hereinafter "Macerich") should be

5 precluded from presenting any evidence at trial regarding the quality of concrete and the manner in

6 which it was installed at the Redmond Town Center Project ("the Project").

7    As Plaintiffs correctly point out, this motion is not properly characterized as a motion for

8 summary judgment pursuant to FRCP 56(f), the purpose of which is to test the sufficiency of the

9 evidence to determine whether a genuine issue exists for trial.  *See* <u>Celotex Corp. v. Catrett</u>, 477 U.S.

10 317 (1986).  The motion is more properly viewed as a motion in limine to exclude particular testimony

11 by a witness, and it is on that basis that the Court reviews and denies it.

12    Specifically, McCarthy (joined by Third-Party Defendant Cadman, Inc.) seeks to bar Plaintiffs'

13 expert Robert Englekirk (of Englekirk & Sobol Consulting Structural Engineers) from testifying to the

14 quality of concrete or the manner in which it was installed on the Project on the grounds that he is not

15 qualified to testify as to those issues.  FRE 702 governs expert witness testimony:

16          If scientific, technical, or other specialized knowledge will assist the trier
           of fact to understand the evidence or to determine a fact in issue, a witness
17          qualified as an expert by knowledge, skill, experience, training, or education,
           may testify thereto in the form of an opinion or otherwise, if (2) the testimony
18          is based upon sufficient facts or data, (2) the testimony is the product of
           reliable principles and methods, and (3) the witness has applied the principles
19          and methods reliably to the facts of the case.

20    The Court agrees with McCarthy that "[c]oncrete quality analysis requires a combination of

21 scientific, technical, practical, and specialized knowledge."  Def. Mtn, p. 4.  Plaintiffs' proposed expert

22 has a BS in Civil Engineering, an MS in Structural Engineering, and a PhD in Structural Engineering.

23 Englekirk Decl. ¶ 2.  Mr. Englekirk has taught courses concerned with the properties of concrete (<u>Id.</u>

24 ¶ 3), and is a Fellow of the American Institute of Concrete.  <u>Id.</u> ¶ 4.  He has designed a variety of

25

26 **ORD ON MTN FOR**
   **PARTIAL SUMM JMT - 2**

1    concrete structures (Id. ¶ 6) and has specified the use of various types of concrete mixtures for those

2    designs, taking into account such factors as strength and shrinkage.  Id. ¶ 7.

3        The Court finds that Mr. Englekirk is qualified to testify as an expert on issues relating to

4    concrete, its properties and structural uses.  The Court further finds that Macerich has apprised the

5    other parties of their intention to offer Englekirk as an expert in this area.[1]  Plaintiffs' expert will be

6    permitted to rely on facts or opinions published by third parties "[i]f of a type reasonably relied upon

7    by experts in the particular field in forming opinions or inferences on the subject" (FRE 703), but will

8    be limited to opinions previously disclosed by Mr. Englekirk.

9    **Conclusion**

10       The Court finds that Plaintiffs' expert Englekirk is qualified to testify on issues relating to the

11   quality of concrete and the manner of its installation.  McCarthy's motion to preclude Englekirk's

12   opinion testimony in that area is DENIED.

13

14       The clerk is directed to provide copies of this order to all counsel of record.

15       Dated:  October __20_, 2005

16

17       _____
         Marsha J. Pechman

18       U.S. District Judge

     q

19

20

21

22

---

23       [1] From Disclosure of Expert Witnesses by Plaintiff Macerich Partnership LLP: "Mr. Englekirk will offer an
     opinion that deals with the connection between cracking and certain construction techniques or materials used in the

24   construction of the deck, including the concrete material, concrete placing and curing techniques, mitigation of weather
     effects upon fresh concrete, cover over reinforcing steel, and timing of tendon tensioning as it relates to concrete

25   hardness." Dkt. No. 49, p.4.

26   **ORD ON MTN FOR
     PARTIAL SUMM JMT - 3**