UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE MACERICH PARTNERSHIP, LP, et al.,<br><br>  Plaintiff(s),<br><br>v.<br><br>McCARTHY BUILDING COMPANIES, et al.,<br><br>  Defendant(s)/Third-Party Plaintiffs,<br><br>v.<br><br>PACIFIC ERECTORS, INC., et al.,<br><br>  Third-Party Defendant(s). | NO. C03-2656P<br><br>ORDER ON THIRD-PARTY DEFENDANT CADMAN, INC.'S MOTION FOR CLARIFICATION OF ORDER ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT |

The above-entitled Court, having received and reviewed:

1. Third-Party Defendant Cadman Inc.'s Motion for Clarification of Order on Defendants' Motion for Partial Summary Judgment

2. Plaintiff's Opposition to Cadman's Motion for Clarification

3. Cadman's Reply in Support of Motion for Clarification of Order on Defendants' Motion for Partial Summary Judgment

4. McCarthy Building Companies, Inc.'s and SDL Corporation's Reply in Support of Motion for Clarification of Order on Defendants' Motion for Partial Summary Judgment

and all exhibits and declarations attached thereto, makes the following ruling:

IT IS HEREBY ORDERED that, to the extent that the motion seeks the exclusion of the testimony of Plaintiff's expert Robert Englekirk, the motion is DENIED.

**ORD ON MTN FOR CLARIFICATION - 1**

1   Third-Party Defendant Cadman, Inc. ("Cadman") seeks "clarification" of this Court's prior order on their motion for partial summary judgment (Dkt. No. 133).  In response to Cadman's request to exclude the testimony of Plaintiff's expert Robert Englekirk, the Court ruled that Mr. Englekirk "is qualified to testify on issues relating to the quality of concrete and the manner of its installation" and that his testimony "will be limited to opinions previously disclosed by Mr. Englekirk."  Id. at p. 3.

"Clarification" is not the issue here: Cadman's motion is essentially their third run at excluding Englekirk's testimony, this time on the basis that the opinions previously disclosed by this expert do not satisfy the disclosure requirements of the Federal Rules of Civil Procedure.

To quote one of Cadman's supporting authorities: "The test of a report is whether it was sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated, unnecessary depositions are avoided, and costs are reduced."  Reed v. Binder, 165 F.R.D. 424, 429 (D.N.J. 1996).

"Surprise" is not an issue here – Cadman has never claimed that Plaintiff failed to apprise them of any essential evidence or opinions.  The essence of Cadman's motion is that Englekirk's report is insufficiently specific regarding both the nature of his concrete-related opinions and the nature of the data upon which he relied to reach his conclusion to satisfy federal civil procedure and thus he should not be allowed to testify about issues related to concrete.

The prior order settles the issue of Englekirk's qualifications to testify as an expert on concrete.  His two-page report to Plaintiff (submitted on February 15, 1999 and included in the materials initially provided to Defendants as part of expert disclosure) lists nine contributing factors to the concrete cracking (and states his opinion: "As a direct consequence of these contributing factors, a significant amount of cracking has occurred...").  That report further indicated that he had personally visited the site as well as reviewed a report prepared by Walker Parking Consultants/ Engineers in October, 1997.  Additionally, his declaration filed in Plaintiff's Reply to the Motion for Partial

**ORD ON MTN FOR CLARIFICATION - 2**

Summary Judgment contains additional materials upon which he relied, along with copies of some of those reports as attachments.

To the extent that Defendants require further explication of the sources and nature of Englekirk's opinions, they are free to conduct depositions during the discovery period. Cadman appears to take the position that the expert report should be so detailed that no deposition is necessary. There is no support for that argument in statute, case law or the realities of civil practice. To say that the purpose of expert reports is to eliminate the need to depose witnesses overstates the rationale for the rule reflected in the <u>Reed</u> opinion – "unnecessary" depositions are to be avoided, but no authority has been cited that states that the need for expert depositions should be obviated altogether. As Plaintiff's sole remaining expert, it is entirely appropriate that Englekirk be deposed and the foundations for his opinions further explored during that proceeding.

Cadman's motion to exclude the testimony of Plaintiff's expert will be DENIED.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: December 21, 2005

Marsha J. Pechman
U.S. District Judge

**ORD ON MTN FOR CLARIFICATION - 3**