UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE MACERICH PARTNERSHIP, LP, et al., <br><br> Plaintiff(s), <br><br> v. <br><br> McCARTHY BUILDING COMPANIES, et al., <br><br> Defendant(s), <br><br> v. <br><br> PACIFIC ERECTORS, INC., et al., | NO. C03-2656P <br><br> ORDER ON PLAINTIFF'S MOTION TO STRIKE CADMAN, INC.'S EXPERT WITNESSES IN PART |

The above-entitled Court, having received and reviewed:

1. Plaintiff's Motion to Strike Third-Party Defendant Cadman Inc.'s Disclosure of Expert Witnesses in Part;

2. Third-Party Cadman, Inc.'s Response to Plaintiff's Motion to Strike Third-Party Defendant Cadman Inc.'s Disclosure of Expert Witnesses in Part;

3. Reply in Support of Plaintiff's Motion to Strike Third-Party Defendant Cadman Inc.'s Disclosure of Expert Witnesses in Part

and all exhibits and declarations attached thereto, makes the following ruling:

**ORD ON MTN TO
STRIKE EXPERTS- 1**

1   IT IS HEREBY ORDERED that the motion is GRANTED IN PART and DENIED IN PART.
2 Third-Party Defendant Cadman, Inc. may present the factual testimony of their employees Barry
3 Meade, Richard Boss and Ed Gray, but may not present them as expert witnesses.

4 **Discussion**

5   Plaintiff moves to strike the designation by Third-Party Defendant Cadman, Inc. ("Cadman") of
6 three of its employees (Meade, Boss and Gray; hereinafter "the employee witnesses") as possible
7 expert witnesses. Their request is founded on the argument that, since Cadman failed to provide either
8 written reports signed by these experts or any disclosure of what the employee witnesses would testify
9 to, they should be precluded from offering them as witnesses at trial.

10   Cadman correctly points out that FRCP 26 does not require expert statements from all
11 disclosed experts; that only "with respect to a witness who is retained or specially employed to provide
12 expert testimony in the case or *whose duties as an employee of the party regularly involve giving*
13 *expert testimony*" shall the expert disclosure "be accompanied by a written report prepared and signed
14 by the witness." FRCP 26(2)(B); emphasis supplied.

15   It is Cadman's position that, as their employee witnesses do not regularly provide testimony as
16 experts, they are not required to produce written, signed expert reports for them. However, Cadman's
17 assertion regarding these witnesses is entirely unsupported. Neither the Court nor the opposing parties
18 are required to accept these assertions at face value. Having failed to offer proof that their proposed
19 employee witnesses qualify for the "employee-expert" exception provided by FRCP 26, they will not
20 be permitted to offer their testimony as experts.

21   Plaintiff goes on to argue that, since Cadman provided no indication as to the subject matter of
22 the employee witnesses' testimony, they should be precluded from offering them as lay witnesses as
23 well. Plaintiff's assertion that "[d]isclosures, whether lay or expert, must set forth what the witness
24 <u>will</u> testify to" (Reply, p. 2; emphasis in original) is offered without supporting statutory or case

25
26 **ORD ON MTN TO STRIKE EXPERTS- 2**

authority. FRCP 26 contains no such requirement; it is the function of interrogatories and depositions to develop precisely this kind of information and the Court will not intrude on that domain. The employee witnesses may testify, as lay witnesses, to any facts relevant to the case of which they have personal knowledge.

**Conclusion**

In the absence of any admissible evidence that their proposed employee witnesses' duties do not "regularly involve giving expert testimony," Cadman is not entitled to the exception provided by FRCP 26(2)(B) and may not present Meade, Boss or Gray as experts because they have not previously disclosed the nature of their opinions. However, Cadman's employee witnesses will be permitted to testify as fact witnesses to any relevant circumstances of which they have personal knowledge.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: February 1, 2006

s/Marsha J. Pechman
Marsha J. Pechman
United States District Judge

ORD ON MTN TO
STRIKE EXPERTS- 3