McCarthy contests every portion of the Agreement language found at ¶7, alleging that there is uncertainty about: (1) the definition of the word "repair," (2) which "area" of the Parking Garage is meant by "Parking Garage G" and (3) the meaning of "pursuant to the Contract." McCarthy Opposition, pp. 9-10. But the principles of contract interpretation in this state and this circuit are clear:

> Contract terms are to be given their ordinary meaning, and when the terms of a contract are clear, the intent of the parties must be ascertained from the contract itself. Whenever possible, the plain language of the contract should be considered first.

Flores v. Am. Seafoods Co., 335 F.3d 904, 910 (9th Cir. 2003), *citing* Klamath Water Users Protective Assoc. v. Patterson, 204 F.3d 1206, 1210 (9th Cir. 1999).

"Repair" has an ordinary meaning: "To restore to sound condition after damage or injury." The American Heritage Dictionary of the American Language (p. 1478, 4th ed., 2000). The fact that, as Defendant points out, there are a variety of ways to attain "sound condition" when dealing with the cracked concrete of a parking garage floor does not alter the meaning of the word "repair."

Nor is there anything unclear about the term "Parking Garage G." Defendant's attempt to manufacture a controversy over which "area" of the building the Agreement refers to is puzzling, to say the least. Nothing in the language of the provision suggests anything other than Defendant's assumption of responsibility to repair the entire structure.

Defendant alludes to the multitude of complex documents that comprise the total agreement between the parties in this construction project and concludes that "pursuant to the Contract" is therefore an ambiguous term requiring extrinsic evidence and thwarting summary judgment. Tellingly, Defendant cites not a single clause from any of the interlocking agreements comprising the contract between these parties which would suggest that the parties intended anything other than what they said in the Closeout document: SDL/McCarthy obligated themselves to restore Building G to sound condition. Read in its entirety, the construction contract calls for the creation of functional, defect-

**ORD ON MTN FOR**
**PARTIAL SUMM JMT - 5**

free buildings; the plain meaning of repairing the Parking Garage "pursuant" to that contract was to restore the structure to that state.

Plaintiff has contended (and Defendant has not controverted) that the McCarthy representatives drafted the Closeout Agreement. The Court makes its ruling cognizant of the long-standing rule of contractual construction which holds that any ambiguities in an agreement are to be interpreted against the drafter. <u>State v. Elliot</u>, 121 Wn.App. 404, 408 (2004). It ill becomes Defendant to attempt to create ambiguities out of language which was written by their own principals.

Because the Court finds nothing ambiguous requiring the use of parol evidence to further elucidate, this award of partial summary judgment is made without recourse to the voluminous amounts of extrinsic evidence submitted by both sides. In that vein, Defendant's surreply (objecting to what it claims is the improper introduction of new evidence in Plaintiff's Reply brief) will be stricken as moot. Whatever the nature of the evidentiary submissions in Plaintiff's responsive briefing, they played no part in the ultimate resolution of this motion.

**Conclusion**

Plaintiff is entitled to the partial summary judgment it seeks: the Defendant contracted to repair the Parking Garage of the RTC project. There is no genuine issue of material fact regarding the language of the agreement between the parties, and the plain meaning of the document compels that conclusion. The amount of recovery to which Macerich is entitled based on the repairs which it made to the Parking Garage remains an unresolved issue.

Nor does anything in the Court's ruling on this motion touch on any issues of the third-party claims or defenses raised in this action, or upon the causes and extent of the concrete cracking in Building G.

**ORD ON MTN FOR
PARTIAL SUMM JMT - 6**