UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THE MACERICH PARTNERSHIP, LP, et al.,

Plaintiff(s),

v.

McCARTHY BUILDING COMPANIES, INC., et al.,

Defendant(s)/Third Party Plaintiffs.

v.

CADMAN, INC., et al.,

Third-Party Defendants

No. C03-2656P

RE: ORDER ON DEFENDANTS' MOTIONS IN LIMINE NOS. 13 and 14

The above-entitled court, having received and reviewed:

1. McCarthy Building Companies, Inc., and SDL Corporation's Thirteenth and Fourteenth Motions in Limine;
2. Plaintiffs' Responses to McCarthy and SDL's Thirteenth and Fourteenth Motions in Limine
3. Replies in Support of McCarthy Building Companies, Inc., and SDL Corporation's Thirteenth and Fourteenth Motions in Limine

and all exhibits and declarations attached thereto, makes the following ruling:

IT IS HEREBY ORDERED that the motions are disposed of as follows:

1. Admitting evidence regarding the allegedly reduced sale price: DENIED.
2. Excluding evidence related to repair of tendon ends: DENIED.

The Court DENIES Defendants' Motion in Limine No. 13 to admit evidence regarding the allegedly reduced sale price, the presentation of which would waste judicial resources and confuse the jury. Even if the price of the properties was lowered due to the unresolved deficiencies in the Parking Garage concrete, Defendant McCarthy's obligation to repair the concrete was ongoing, per the Closeout Agreement, when Macerich and Winmar agreed to a purchase price.

The Court DENIES Defendants' Motion in Limine No. 14 to exclude evidence related to the repair of tendon ends. The Closeout Agreement explicitly requires Defendant to repair the Garage pursuant to the original contract, which calls for grouting the tendon ends. Evidence of the repairs to the tendon ends is relevant to the Plaintiff's damages.

The Clerk of the Court shall direct a copy of this order be sent to all counsel of record.

Dated: May 1, 2006.

Marsha J. Pechman
U.S. District Judge